GAIMS, WEIL, WEST & EPSTEIN, LLP
MARC EPSTEIN (SBN 61062)
1875 Century Park East, 12th Floor
Los Angeles, California 90067-2513
Telephone: 310-407-4520; Fax: 310-277-2133
Email: epstein@gwwe.com

SAUL EPSTEIN (SBN 52355)
14558 Deervale Place
Los Angeles, California 91403
Telephone: 818-789-5346; Fax: 818-990-3603
Email: S.Epstein@earthlink.net

*Attorneys for Defendant and Counterclaimant*
*Hipshot Products, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY McCABE,<br><br>           Plaintiff,<br><br>v.<br><br>FLOYD ROSE MARKETING, INC., a Washington corporation, HIPSHOT PRODUCTS, INC., a New York corporation,<br><br>           Defendants.<br><br>AND RELATED CROSS ACTION | Case No. 2:09-CV-00253-RGK (Ex)<br><br>**DEFENDANT AND COUNTERCLAIMANT HIPSHOT'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date: September 14, 2006<br>Time: 9:00 a.m.<br><br>**[Assigned to Hon. R. Gary Klausner, Courtroom 850]** |

Plaintiff and Counterdefendant Geoffrey McCabe's motion to dismiss is defective procedurally and lacks merit substantively.

## I. McCabe's Motion Violates Numerous Procedural Requirements.

McCabe's motion is styled as filed under FRCP 12(c) as a motion for judgment on the pleadings, yet (1) it is replete with assertions of fact not allowed in a motion for judgment on the pleadings, and (2) there is no admissible evidence to support any of the asserted facts.

McCabe's memorandum of points and authorities is 42 pages long, thus exceeding 20 pages in violation of this Court's Standing Order.

McCabe's motion does not comply with Local Rule 7-3, which requires the moving party to include in its notice of motion a statement that the motion is made following a conference of counsel. McCabe also did not comply with the first requirement of Local Rule 7-3 that, when he contemplated filing the motion, he contact opposing counsel to discuss the substance of the contemplated motion and any potential resolution.

## II. Hipshot Properly Pled its Counterclaim for Declaratory Relief

Even if McCabe cured the procedural defects in his motion, he could not establish substantively that he could be entitled to judgment on the pleadings because Hipshot's Counterclaim properly pleads a claim on which relief can be granted.

Hipshot's Counterclaim seeks declaratory relief that the patents which McCabe seeks to enforce against Hipshot are invalid because they fail to meet the standards for patentability, and further because McCabe violated the duty of candor before the Patent and Trademark Office (inequitable conduct).

The allegations in Paragraphs 6, 7, and 8 of Hipshot's Counterclaim are in proper form as notice pleading to assert Hipshot's contentions that the specified

1

**DEFENDANT AND COUNTERCLAIMANT HIPSHOT'S OPPOSITION TO MOTION TO DISMISS**

claims 1, 2 and 4 of the '066 patent, claims 24 and 25 of the '094 patent, and claims 1 and 5 of the '841 patent are invalid for failing to meet the conditions of patentability in U.S.C. §§ 102, 103, and 112. Notice pleading as to patent validity is all that is required. See O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006):

> If a local patent rule required the final identification of infringement and invalidity contentions to occur at the outset of the case, shortly after the pleadings were filed and well before the end of discovery, it might well conflict with the spirit, if not the letter, of the notice pleading and broad discovery regime created by the Federal Rules.

The allegation that McCabe violated the duty of candor is pled adequately and with particularity. Paragraph 9 of the Counterclaim sets out the details that when McCabe prosecuted his '066 patent, the examiner rejected certain claims based on a 1984 patent issued to inventor Storey. Paragraph 9 further alleges that when McCabe prosecuted his '094 patent which contained claims of substantially the same scope as the claims previously rejected by the examiner, McCabe failed to disclose the Storey patent which was material to the consideration of those claims. The fact that one examiner decided that the Storey patent was material to a substantially similar claim satisfies the materiality test necessary to establish inequitable conduct. In *Dayco Products, Inc. v. Total Containment, Inc.*, 329 F.3d 1358, 1368 (Fed. Cir. 2003), the court held:

> [A] contrary decision of another examiner reviewing a substantially similar claim meets the *Akron Polymer* [148 F3d 1380 (Fed. Cir. 1998)] "reasonable examiner" threshold materiality test of *"any* information that a reasonable examiner would substantially likely consider important in deciding whether to allow an application to issue as a patent." ... Although examiners are not bound to follow other examiners' interpretations,

2

**DEFENDANT AND COUNTERCLAIMANT HIPSHOT'S OPPOSITION TO MOTION TO DISMISS**

knowledge of a potentially different interpretation is clearly information that an examiner could consider important when examining an application. The court further held that such withholding would meet the materiality standard under the amended Rule 56 as well. Id at 1368.

Accordingly, Hipshot has adequately pled its Counterclaim for declaratory relief.

### III. Conclusion

McCabe's motion for judgment on the pleadings violates many procedural rules, each of which is an independent basis for denying the motion. Even if his motion were to be considered, Hipshot's Counterclaim states a claim upon which relief can be granted, so any effort by McCabe to cure the procedural defects would be futile.

Dated: August 27, 2009

GAIMS, WEIL, WEST & EPSTEIN, LLP
MARC EPSTEIN

SAUL EPSTEIN

By: _____
Marc Epstein
*Attorneys for Defendant and Counterclaimant*
*Hipshot Products, Inc.*

---

3

**DEFENDANT AND COUNTERCLAIMANT HIPSHOT'S OPPOSITION TO MOTION TO DISMISS**